Williams *vs.* Chaffe.

## No. 865.

## No. 817.

### JOHN S. WILLIAMS vs. CHRISTOPHER CHAFFE.

Where a record comes up with partnership books or a mass of testimony touching the state of the accounts between the litigants, and with no account stated on either side, the court will remand the cause to the court below with instructions to refer the controverted matters to experts or auditors for report.

APPEAL from the District Court for Webster. TURNER, J.

Guilbeau *vs.* Millard.

*J. D. Watkins* for Plaintiff.   *L. B. Watkins* and *McDonald* for Defendant.

The action was for a settlement of a partnership in a saw mill business.   The plaintiff annexes to his petition exhibits from the partnership books, and a list of accounts and book charges, which he alleges, were turned over to Chaffe for collection, and which he either did collect, or ought to have collected.   The defendant avers that the plaintiff sold a large quantity of lumber to irresponsible parties, from whom nothing was or could be made, and that the express agreement was that each partner thus selling should be responsible for what he sold.   Each claims that the other is indebted to him in a large sum. The district judge non-suited both parties.

SPENCER, J.   The case as presented in this record is an inexplicable mass of confusion, containing the testimony of over sixty witnesses testifying to isolated items of accounts, which we are asked to look for in the original partnership books, which are sent up with the record.   Life is too short for this court to enter upon such an investigation without the assistance of experts or auditors, to systematize and state these accounts.   The judge *a qua* should have ordered the reference to auditors, under Arts. 442 and 443 of the Code of Practice, with proper instructions as to their general line of investigation and report.

*Decreed accordingly.*